## STOMA v. COMMISSIONER OF IMMIGRATION AT NEW ORLEANS.

Circuit Court of Appeals, Fifth Circuit.
April 6, 1927.

No. 4899.

1. Aliens ⬮➔54(6)—Enlargement of alien by court under bond, pending proceedings to determine right of entry, held not to affect such right (Comp. St. § 4289½eee).

The provision of Joint Resolution June 7, 1924 (Comp. St. § 4289½eee), permitting aliens arriving in excess of quotas "heretofore temporarily admitted under bond, to relieve cases of extreme hardship," to enter and remain, if otherwise admissible, does not apply to an alien enlarged on bond by a court pending proceedings to determine right of entry.

2. Aliens ⬮➔39—Court's power to admit alien is dependent wholly on statute.

A court is without power to admit an alien otherwise than pursuant to statute.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Petition of Helene Stoma, wife of Joseph T. Stoma, against the Commissioner of Immigration at the Port of New Orleans, for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

Hugh S. Suthon, of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus, filed on June 18, 1926, by appellant, Helene Stoma (also called Helene Stomas), an illiterate alien, and which complained of her detention by the Commissioner of Immigration at the port of New Orleans under orders of the immigration authorities directing her exclusion and deportation. The validity of the exclusion and deportation orders was unsuccessfully challenged in previous proceedings instituted by or in behalf of the appellant. While a previous habeas corpus proceeding was pending, the appellant was released pursuant to an order of the court permitting her to give bond for her appearance to answer further orders of the court. Between the time of such release and the time the custody of the appellant by immigration officials was resumed, shortly prior to the institution of the habeas corpus proceeding now under review, she was married to an unnaturalized alien, who lives in Louisiana and is not subject to deportation, and she has become the mother of a child.

[1] It is not now contended in behalf of appellant that she was not subject to be excluded and deported when the orders to that effect were challenged in previous proceedings. The asserted right of the appellant to remain in the United States is based upon a joint resolution which was approved June 7, 1924, after she was released under the above-mentioned bond. 43 Stat. 669 (Comp. St. § 4289½eee). Under the terms of that resolution aliens arriving in excess of quotas fixed under authority of the Immigration Act approved May 19, 1921 (Comp. St. § 4289½ et seq.), who, if otherwise admissible and not subject to deportation for other causes, are permitted to enter and remain in the United States without regard to the provisions of that act as amended and extended, include "aliens heretofore temporarily admitted under bond to relieve cases of extreme hardship." The just-quoted provision is what is relied on to sustain the asserted right of the appellant to remain in the United States. At the time of the adoption of that provision statutes provided for the temporary admission under bond of aliens. Comp. Stat. § 4289¼kk; Comp. Stat. 1923 Supp. § 4289¼b.

The language of the above-quoted provision clearly indicates that the lawmakers had in mind aliens who were admitted under bond by action of immigration officials pursuant to a law authorizing such admission. The act of a court in permitting an alien to be at large under bond, or in the custody of his sureties, pending the determination of a suit or proceeding involving the question of such alien's right to admission, cannot properly be regarded as an admission of an alien within the meaning of the Immigration Acts. The appellant, although physically within our boundaries, is to be regarded as if she had been stopped at the limit of our jurisdiction, and kept there while her right to enter was under debate. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040.

[2] No law empowers any court to admit into the United States any alien whose admission is not effected pursuant to any statute. It was not made to appear that the appellant came within the language of any statute authorizing the admission under bond of an alien, or that she was temporarily admitted under bond within the meaning of or pursuant to any statute. The record not showing that the appellant was entitled to remain in

the United States, or that the detention of her by the appellee was illegal, the order appealed from was not erroneous.

That order is affirmed.